IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CARLOS HERNANDEZ and IRMA ORTEGON, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED | § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 3:18-cv-339 |
| VALLEY SUPERMARKET, LTD, LION PRODUCTIVITIES HOLDINGS, LLC D/B/A VALLEY SUPERMARKET, AND ISIDRO DE LA FUENTE, INDIVIDUALLY | § § § § § § | |
| *Defendants*. | § | **JURY TRIAL DEMAND** |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Carlos Hernandez and Irma Ortegon, individually and on behalf of all others similarly situated files this Original Complaint, and in support shows the Court the following:

### I. SUMMARY

1. This is a collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2. Plaintiffs were employed by Defendants. They were both paid on an hourly basis for their work and regularly worked over forty hours per week.

3. Nonetheless, Defendants maintained a scheme by which they Plaintiff routinely worked in excess of 40 hours per week. In violation of the FLSA, Defendants refused to pay her overtime for the hours she worked in excess of 40 per week. Defendants also failed to pay Plaintiff for all hours worked in violation of New Mexico common law.

## II.  PARTIES

4. Plaintiff Carlos Hernandez is and was at all time relevant to this action a resident of El Paso County, Texas.  He has consented to be a party in this action and his consent form is attached hereto.  *See* Exhibit A.

5. Plaintiff Irma Ortegon is and was at all time relevant to this action a resident of El Paso County, Texas.  She has consented to be a party in this action and her consent form is attached hereto.  *See* Exhibit B.

6. Plaintiffs and the Class Members are Defendants' current and former employees who worked for hourly wages at any of Defendants' Valley Supermarket locations in El Paso County, Texas.

7. Defendant Valley Supermarkets, Ltd. ("Valley Ltd") is a Texas company that is authorized to do business in Texas and that is, in fact, doing business throughout El Paso, Texas.  Valley Ltd may be served with process by service on its registered agent for service, Jose Angel Hernandez, 1601 East Fourth Street El Paso, Texas 79901, or wherever he may be found.

8. Defendant Lion Productivities Holdings, LLC ("Lion"), d/b/a Valley Supermarkets, is a Texas company that is authorized to do business in Texas and that is, in fact, doing business throughout Texas.  Lion may be served with process by service on its registered agent for service, Juan Jose Sandoval, 12160 Rojas Drive, Suite H El Paso, Texas 79936, or wherever he may be found.

9. Defendant Isidro de la Fuente is a natural person residing in El Paso County and is the person responsible for creating all personnel policies for both defendants.  He may be served with process at his place of employment, 5111 Fairbanks Drive, El Paso, Texas 79924, or wherever he may be found.

### III. JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction in this matter because Plaintiffs assert claims arising under federal law. Specifically, Plaintiffs assert claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

11. Venue is proper in the El Paso Division of the United States District Court for the Western District of Texas. All or a substantial part of the events forming the basis of this suit occurred in this Division. Venue in this Court is proper under 28 U.S.C. § 1391(b).

### IV. FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

12. Defendants, through their supermarket services enterprise, have enjoyed revenues in excess of $500,000.00 each year relevant to this action.

13. De la Fuente – individually and as an agent of both Defendants – is directly responsible for all aspects of Plaintiff and Class Members' employment. He controlled when Plaintiff and Class Members would receive pay, set their pay rates, set Plaintiff and Class Members' schedules, approved their payroll prior to payment and decided when they would be able to take leave. He did so for Valley Ltd and continues to do so for Lion.

14. De la Fuente also had the power and exercised his power to hire, fire, and discipline Plaintiffs and Class members. In addition, he controlled which location each employee was required to work.

15. De la Fuente also created Valley Ltd and Lion's pay policies. De la Fuente maintains Valley Ltd and Lion's pay records during the relevant periods of employment and participated in the decision not to pay his employees overtime wages and wages for all hours worked.

16.     Lion is a direct employer of Plaintiffs and Class Members and a successor in liability of Valley Ltd for FLSA violations committed by Valley Ltd.  Upon information and belief, Lion bought all of Valley Ltd.'s Valley Supermarket business in September 2018.  Nonetheless, operations of Valley Supermarket locations was continuous throughout the change in management.  Valley Ltd. and Lion maintained the same workforce, supermarket location, employment conditions, and employment pay practices.  Defendant de la Fuente was and is an agent of both Valley Ltd and Lion.  De la Fuente maintained control over employees and pay decisions as set forth in, *supra,* paragraph 8 for Lion as well as Valley.  De la Fuente did not materially change any of the payment methods or practices after the sale of Valley Supermarkets from Valley Ltd. to Lion.  For these reasons, Lion is a successor in liability for any FLSA violation committed by Valley Ltd. and De la Fuente.

17.     Hernandez worked at Valley Supermarket as an hourly employee for the last six years.

18.     As part of his employment agreement, Hernandez was promised $11 an hour for all hours worked from the time of hire until early 2018.  In or around January 2018, his pay rate was increased to $12 an hour for all hours worked.

19.     Ortegon worked for Valley Supermarket as an hourly employee from June or July to late September 2018.

20.     As part of her employment agreement, Ms. Ortegon was promised $10 an hour for all hours worked.

21.     Plaintiffs and Class Members worked as hourly employees for Defendants within the last three years in their supermarkets throughout El Paso.

22.     Defendants pay Plaintiffs and Class Members by the hour for their work.  Plaintiff and Class Members measure their time by clocking in when they arrive at work and clocking out

when they leave. The time measured through this clocking system represents the actual time worked by each Plaintiff and Class Member.

23. However, Defendants pay Plaintiffs and Class Members through a scheme that allowed them to avoid paying overtime. Defendants pay Plaintiffs for a set number of hours through a payroll check for hours worked under 40 hours per week. They then pay the remaining hours in cash provided to them in an envelope on a weekly basis.

24. All hours over forty hours per week which are paid in cash are not paid at one and one-half the regular rate of pay for all hours worked over forty hours per week.

25. Defendants retained the benefit of Plaintiffs' labor without paying them the legal rate of pay for all hours worked over forty hours per week.

26. As a result of this pay scheme, Plaintiffs and Class Members routinely worked over 40 hours per week. However, they were not properly paid overtime for all hours they worked in excess of 40 hours every week in which they worked. Defendants knew that Plaintiff and Class Members worked in excess of 40 hours per week and allowed and directed them to do so. Defendants refused to pay Plaintiff and Class Members one and a half times the agreed-upon hourly rate for all hours worked over 40 hours per week.

27. Plaintiff and Class Members are entitled to receive overtime pay for all the hours worked in excess of 40 per workweek. Defendants were aware of the FLSA's overtime requirements and chose not to pay overtime to these individuals. Defendants willfully misclassified Plaintiffs and the Class Members as exempt and refused to pay them overtime wages.

28. Defendants willfully failed to pay overtime compensation to Plaintiffs and Class Members.

29. Finally, Plaintiff Ortegon had $10 deducted from her paycheck for "savings" which was never returned to her – even upon termination of employment.

## V. COLLECTIVE ACTION ALLEGATIONS

30. Plaintiffs and Class Members have all worked as general workers in the same supermarkets and are all subject to the same pay scheme. Plaintiffs are aware that the illegal practices and policies of Defendants were imposed on other workers.

31. Plaintiffs and Class Members are all paid on an hourly basis. Plaintiffs and Class Members are subjected to the same illegal pay plan in that Defendants fail to pay them at time-and-one-half their regular rates of pay for hours worked in excess of 40 hours in a workweek. Accordingly, the Class Members victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

32. Defendants' operations with respect to Plaintiffs and the Class Members and wages paid to Plaintiffs and the Class Members are substantially similar, if not identical.

33. Defendants' pattern of failing to pay overtime compensation as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of Plaintiffs and the Class Members.

34. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the collective action class as encompassing:

> All employees of Defendants who worked for an hourly pay rate on or after October 30, 2015.

35. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations of the Act. 29 U.S.C. § 255(a).

36. Plaintiffs bring their claim for relief on behalf of all persons who work or worked for Defendants as an hourly employee in their Valley Supermarket locations and whose overtime pay was paid at straight time at any time three years prior to the filing of this lawsuit.

37. Pursuant to 29 U.S.C. § 216(b), Plaintiffs will seek collective action recognition and notice to the Class Members who may wish to join this action as soon as practicable after the commencement of this action and in accord with the Local Rules of this Court.

38. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

39. Plaintiffs will fairly and adequately represent and protect the interests of those similarly-situated who opt into this action.

## VI. FIRST CAUSE OF ACTION:
## FAILURE TO PAY WAGES IN ACCORDANCE WITH
## THE FAIR LABOR STANDARDS ACT

40. Plaintiffs repeat and reallege each of the allegations above as if fully set forth herein.

41. Plaintiffs assert this count on their own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

42. Plaintiffs and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

43. Defendants "employed" Plaintiffs and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

44. Defendants were Plaintiffs' and others' "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

45. Defendants violated the FLSA when they refused to pay Plaintiffs and others overtime premiums for hours worked beyond forty in each given workweek. 29 U.S.C. § 207.

46. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

47. Plaintiffs and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

48. Plaintiffs and others are entitled to recover unpaid overtime premiums, liquidated damages, attorney fees and costs. 29 U.S.C. § 216(b).

## VII. SECOND CAUSE OF ACTION: UNJUST ENRICHMENT

49. Plaintiffs repeats and realleges each of the allegations above as if fully set forth herein.

50. By failing to pay Plaintiffs for all hours worked, and deducting pay from Plaintiff Ortegon's paycheck without justification, Defendants were unjustly enriched at the expense of and to the detriment of Plaintiffs.

51. Defendants' retention of any benefit collected directly and indirectly from Plaintiff's labor violated principles of justice, equity, and good conscience. As a result, Defendants' has been unjustly enriched.

52. Plaintiffs are entitled to recover from Defendants all amounts that Defendants have wrongfully and improperly obtained, and Defendants should be required to disgorge to Plaintiffs the benefits it has unjustly obtained.

53. Plaintiffs are entitled to recover actual and exemplary damages.

## VIII. RELIEF SOUGHT

**WHEREFORE**, Plaintiffs pray, as to their FIRST CLAIM, that:

   a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

   b. They and the Class be awarded unpaid overtime premiums;

   c. They and the Class be awarded liquidated damages as required by law;

    d. They and the Class be awarded pre-judgment and post-judgment interest as permitted by law;

    e. They and the Class be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

    f. They and the Class be awarded such other and further relief as may be necessary and appropriate.

And as to their SECOND CLAIM, that:

    a. Plaintiffs be awarded compensatory and exemplary damages.

    b. Plaintiffs be awarded such other and further relief as may be necessary and appropriate.

Signed this 5th of November, 2018.

Respectfully submitted,

THE LAW OFFICE OF LYNN COYLE, P.L.L.C.
2515 North Stanton
El Paso, Texas 79902
(915) 532-5544
(915) 532-5566 Fax

By: _____
LYNN COYLE
Texas Bar No. 24050049
lynn@coylefirm.com
CHRISTOPHER BENOIT
Texas Bar No. 24068653
chris@coylefirm.com

# EXHIBIT A

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the overtime lawsuit in which this consent is filed pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* I authorize The Law Office of Lynn Coyle, PLLC to represent and proceed on my behalf and others similarly situated with regards to our claims.

_____          10-29-18
**CARLOS HERNANDEZ**                     **DATE**

# EXHIBIT B

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the overtime lawsuit in which this consent is filed pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* I authorize The Law Office of Lynn Coyle, PLLC to represent and proceed on my behalf and others similarly situated with regards to our claims.

_____  
IRMA ORTEGON

__10-30-18_____  
DATE